UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIM SISNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CV-0253-CVE-PJC |
| | ) |
| INDEPENDENT SCHOOL DISTRICT | ) |
| NO. 3 OF TULSA COUNTY, and BROKEN | ) |
| ARROW SCHOOL BOARD, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Application for Order of Dismissal without Prejudice to Refiling (Dkt. # 16). Plaintiff asks the Court to dismiss his claims without prejudice, because he has "determined that [his] claims and remedies are not, at this time, of a federal nature" and he wishes to proceed with his state law claims against defendants in state court. Defendants object to plaintiff's request for voluntary dismissal unless the Court orders dismissal of plaintiff's federal law claims with prejudice or awards defendants attorney fees incurred in this litigation.

Plaintiff Jim Sisney was the superintendent of the Broken Arrow School District, and his employment was terminated on October 23, 2008. Dkt. # 1, at 3. On April 30, 2009, plaintiff filed a complaint asserting claims under 42 U.S.C. § 1983 for alleged violations of his right to procedural due process and a state law claim of breach of contract. Id. at 5-6. Defendants filed a motion to dismiss (Dkt. # 8) arguing that plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. On August 17, 2009, the parties submitted a joint status report (Dkt. # 13) asking the Court to stay discovery pending a ruling on defendants' motion to dismiss. The presiding judge at the time, the Honorable Terence C. Kern,

entered a scheduling order, inter alia, setting a discovery cutoff of December 31, 2009, a dispositive motion deadline of January 14, 2010, and a jury trial date of May 17, 2010. Defendants filed a motion to compel (Dkt. # 15) discovery of plaintiff's computation of damages.

On October 7, 2009, plaintiff filed a motion to voluntarily dismiss his claims under Fed. R. Civ. P. 41(a)(2). Dkt. # 16. He states that "[t]hrough discovery and case development, Counsel has determined that Plaintiff's claims and remedies are not, at this time, of a federal nature, but those that sound in the laws governed by the state courts." Id. at 2. Defendants asked the Court to impose one of the following conditions on the dismissal of plaintiff's claims:

    I.      That the dismissal be with prejudice as to the Plaintiff's federal law claims; or

    ii.     That the Plaintiff be required to pay the costs and attorney's fees incurred by the [defendants] in defending this matter prior to any dismissal without prejudice.

Dkt. # 18, at 2. Defendants claim that plaintiff is attempting to avoid a ruling on their pending motion to dismiss and that his request for voluntary dismissal is an attempt "to manipulate jurisdiction for his own benefit." Id. at 5. Plaintiff replied that his motion to dismiss was timely and defendants would suffer no legal prejudice from dismissal at such an early stage of the case. Dkt. # 19. He also claimed that the parties had conducted little discovery and defendants had not incurred any substantial expense defending against his claims, and the case should be dismissed without the conditions requested by defendants. Id. at 2-3.

Defendants subsequently filed a motion for summary judgment (Dkt. # 28). Plaintiff has filed a response (Dkt. # 34) to defendants' motion for summary judgment, but defendants' reply is not due until February 15, 2010. On January 28, 2010, plaintiff filed a motion to recuse (Dkt. # 32) on the ground that Judge Kern had a conflict of interest and should not preside over this case. Judge

2

Kern granted plaintiff's motion to recuse on February 2, 2010 (Dkt. # 35), and the case was randomly reassigned to the undersigned.

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the Court considers proper." Unless a defendant can show "legal" prejudice from granting a plaintiff's request for voluntary dismissal, such requests should ordinarily be granted. Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). The Tenth Circuit has identified four non-exclusive factors that should be considered when reviewing a request for voluntary dismissal: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal; and the present stage of the litigation." County of Santa Fe, New Mexico v. Public Service Co. of New Mexico, 311 F.3d 1031, 1048 (10th Cir. 2002). The Court must insure that "substantial justice is accorded to both parties," and this requires the district court to consider the "equities not only facing the defendant, but also those facing the plaintiff." Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005).

At the time plaintiff's motion to dismiss was filed, the case had been pending five months, and defendants had filed a motion to dismiss and a motion to compel. Defendants acknowledge that no depositions and little written discovery had occurred. Dkt. # 18, at 4. However, defendants attempt to use the lack of discovery to show that plaintiff was not diligently prosecuting this case. Defendants claim that plaintiff's request for dismissal is an attempt to manipulate the jurisdiction of this Court and avoid a ruling on defendants' motion to dismiss that would result in dismissal with prejudice of plaintiff's § 1983 claims. Id. at 3, 5-6. If plaintiff's motion to dismiss is granted and

3

plaintiff's claims are dismissed without prejudice, defendants ask the Court to award attorney fees to defendants to avoid duplication of expenses in a subsequent state court case. Id. at 6-7.

In reviewing plaintiff's motion, the Court considers the status of the case at the time plaintiff filed his motion for voluntary dismissal under Rule 41(a)(2). Defendants have not shown that they had engaged in significant activities to prepare for trial and, quite to the contrary, acknowledge that very little discovery had occurred. Id. at 4. Defendants had filed a motion to dismiss and motion to compel, but defendants do not allege that these motions required a substantial amount of time to prepare. The Court finds that defendants did not incur any significant expense in preparing for trial before plaintiff filed his motion to dismiss. See Phillips USA, Inc. V. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996). The case was filed on April 30, 2009 and plaintiff's motion to dismiss was filed on October 7, 2009. The jury trial of this case is set for May 17, 2010, and almost seven months remained before trial when plaintiff's motion was filed. The Court also notes that Judge Kern did not enter a scheduling order (Dkt. # 14) until August 26, 2009, and the parties could not begin conducting discovery until the scheduling order was entered. This means that the parties had just over one month to conduct discovery before plaintiff voluntarily sought dismissal of his claims. Thus, the Court finds that plaintiff did not delay in filing his motion to dismiss. Plaintiff's stated reason for requesting dismissal of his claims is sufficient. Plaintiff has elected to pursue state law claims instead of his § 1983 claims, and the Court will not second-guess plaintiff's decision. Considering the "present" stage of the litigation, the mere fact that defendants have filed a motion for summary judgment does not support denial of plaintiff's motion to dismiss. Brown, 413 F.3d at 1125-26. The Court finds that defendants have not shown that they will be prejudiced if plaintiff's motion to dismiss is granted. Prejudice does not automatically result from the filing of

4

a second lawsuit and some duplication of efforts in a second lawsuit. American Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991). Plaintiff has offered an adequate explanation for seeking to dismiss this lawsuit and he did not delay in filing a motion to dismiss, and his motion to dismiss his claims without prejudice should be granted.

The Court declines to impose any conditions on the dismissal of plaintiff's claims. Defendants had not incurred significant expenses for pretrial preparation when plaintiff's motion was filed, and the Court will not award defendants any attorney fees for defending against plaintiff's claims. Although defendants have since filed a motion for summary judgment, plaintiff's motion to dismiss was timely and plaintiff should not be required to pay defendants' litigation expenses after filing a timely motion to dismiss under Rule 41(a)(2). It also appears unlikely that plaintiff will refile his § 1983 claims but, even if he should, defendants can take steps to avoid the duplication of discovery or motion practice in a subsequent case.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Order of Dismissal without Prejudice to Refiling (Dkt. # 16) is **granted**, and plaintiff's claims are **dismissed without prejudice**. A separate judgment of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that all other pending motions are **moot**.

**DATED** this 3rd day of February, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT